IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL ARRUDA RODRIGUES,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIV. NO. 25-00089 SASP-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT |

**FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN DISTRICT COURT
<u>WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT</u>**

Before the Court is the *Application to Proceed in District Court Without Prepaying Fees or Costs* ("IFP Application") filed on February 27, 2025, by Plaintiff Michael Arruda Rodrigues, proceeding pro se. The Court elects to decide the *IFP Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *IFP Application*, the records in this case and relevant law, the Court recommends that the *IFP Application* be **DENIED** without prejudice and the

*Complaint for a Civil Case* ("Complaint") (ECF No. 1) be **DISMISSED WITH LEAVE TO AMEND**.

I.     **IFP Application**

Plaintiff may be authorized to prosecute this case without the prepayment of fees if an affidavit is submitted stating that Plaintiff is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). The affidavit must clearly set forth the applicant's financial status. A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In this case, Plaintiff filed an incomplete *IFP Application*. Plaintiff does not indicate whether Plaintiff is incarcerated or not. Although Plaintiff indicates that Plaintiff receive income from other sources, the type, frequency and amount of income is not indicated. Plaintiff also failed to indicate whether Plaintiff has dependents that rely on Plaintiff for support. Without this information, the Court is unable to determine whether in forma pauperis status is appropriate here. Accordingly, the Court **RECOMMENDS** that the *IFP Application* be **DENIED WITHOUT PREJUDICE**.

## II. Review of the Complaint

The Court normally reviews and screens the complaint once in forma pauperis status is granted. However, in this case, the lack of information in the *Complaint* filed on February 27, 2025, is so obvious that a close review is not necessary to determine its deficiency. ECF No. 1. In the *Complaint*, Plaintiff states that the statement of claim for this case is "disability retierment [sic]." No other information or facts are provided.

Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the federal rules adopt a flexible pleading policy, a complaint must "give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). While Plaintiff's statement of claim is certainly short, the mere statement "disability retirement" fails to state a plausible claim even when construed liberally. Because Plaintiff's statement of claim fails to even provide a threadbare recital of the elements of a viable cause of action, it fails to meet the pleading standards under Fed. R. Civ. P. 8 and should be **DISMISSED**.

### III.   Dismissal Should be Without Prejudice and With Leave to Amend

Despite the lack of information, Plaintiff is proceeding pro se and this Court, at this juncture, cannot say that the *Complaint* cannot be cured by the allegation of other facts such that justice does not require leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).  The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.

Plaintiff **SHALL NOT** file an amended *Complaint* until the district court renders a decision on this *Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the Complaint*.  If Plaintiff is granted leave to amend, Plaintiff must file another *Application to Proceed in District Court Without Prepaying Fees or Costs* and may file an amended pleading according to the district court's instructions.  However, Plaintiff **SHALL** title the amended pleading "First Amended Complaint" and must address the deficiencies noted in these *Findings and Recommendation* and/or in the district court's order, as directed by the district

court. Plaintiff shall also comply with the deadline set forth by the district court to file the amended complaint.

Failure to cure the deficiencies identified in the district court's order or failure to timely file an amended pleading that conforms with the district court's order may result in dismissal of this action without leave to amend. Plaintiff is reminded that if a first amended complaint is filed, the original pleading may not be incorporated into the amended pleading, and the original pleading—the original *Complaint*—shall no longer serve any function in this case. The Court reminds Plaintiff to state all claims clearly and concisely, but with enough factual allegations to determine from the face of the amended complaint that Plaintiff has stated a claim upon which relief can be granted. The Court further cautions Plaintiff that failure to comply with Fed. R. Civ. P. 8 may result in the dismissal of the first amended complaint without leave to amend.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DENY** the *Application*, and **DISMISS** the *Complaint* **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 24, 2025.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 25-00089 SASP-RT; *Michael Arruda Rodrigues vs. Commissioner of Social Security*; Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees and Dismiss the Complaint